charges, investigation, prosecution, invasion of privacy and the penalty of termination they seek against Plaintiff for alleged [a]ttempted possession when non-minority/non-Latino officers charged with and/or found guilty of [a]ctual possession did not sustain termination and/or the Defendants did not even seek their termination as they did and do against Plaintiff herein.

310.   That the foregoing stipulation of settlement/contract was designed to, in fact, protect the Plaintiff herein from the Defendants' unlawful treatment, acts, conduct and/or omissions herein in their unlawful, hostile, discriminatory, disparate, intentional, malicious, and/or retaliatory treatment and discrimination against him.

311.   As a result of the Defendants' breach of the foregoing stipulation of settlement/contract, the Plaintiff suffered and continues to suffer the very unlawful, hostile, discriminatory, disparate, retaliatory conduct that the Defendants were obligated to establish said procedures to try and prevent and because of the Defendants' breach of same, the Defendants unlawfully continued their course of unlawful, hostile, discriminatory, disparate and retaliatory treatment against Plaintiff; particularly as to the prosecution, charges, investigation and penalty/punishment sought by the Defendants against Plaintiff when non-minority/non-Latino police officers charged with and/or found guilty of [a]ctual possession received less severe punishment/penalties and/or more favorable dispositions and were not terminated or subject to termination by the New York City Police Department.

312.   That the Defendants breached the foregoing stipulation of settlement/contract and, as a direct and proximate result, Plaintiff suffered and continues to suffer damages herein including, but not limited to, deprivation of rights, denial of proprietary interest, lost income, denial of earned promotion to rank of Lieutenant, denial of title and position, denial of compensatory salary, attorneys' fees to defend Plaintiff against the Defendants in/at the

87

Departmental trial and other economic damages as well as mental anguish, pain, humiliation and emotional distress.

313.    That as a direct and proximate result of Defendants' breach of the foregoing contract/stipulation of settlement, Plaintiff claims damages herein.

314.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

315.    That Plaintiff claims damages herein.

## DAMAGES

316.    As a direct and proximate result of all of the foregoing acts of the Defendants' Plaintiff sustained and suffered the following:

(a)    Violation of Plaintiff's rights as secured by Title VII of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991;

(b)    Violation of Plaintiff's Rights as secured by 42 U.S.C. Section 1981, 1981(a), 2000, 2000(e), 2000(e)(3), and 2000(e)-2(a)(1), *et. seq.*;

(c)    Violation of USERRA, 38 U.S.C. SECTIONS 4301-4333;

(d)    Violation of Plaintiff's Rights as secured by the New York State Human Rights Law, N.Y. Executive Law, Article 15 and Sections 290-297;

(e)    Breach of 2003 Stipulation of Settlement/Contract;

(f)    Specific Performance by Defendants to comply with 2004 Stipulation of Settlement/Contract;

(g)    Injunctive relief enjoining Defendants from unlawfully discriminating against Plaintiff and other Latino, African American and/or minority police officers;

(h)    Humiliation, mental pain, anguish, pain and suffering, and emotional distress, (both intentional and negligent);

(i)    Economic damages including loss of income, salary, raises, benefits, pension; attorneys' fees;

(j)    Loss of promotion, title, position, salary, wages, pension and/or retirement benefits; and

(k)    Psychological, emotional and economic damages which are direct and/or proximate consequences of the Defendants' actions, that are continuing to date, and, upon information and belief, will continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff POLICE OFFICER SERGEANT HECTOR RODRIGUEZ requests the following relief jointly and severally as against all of the Defendants:

1.    Award compensatory damages in an amount to be determined at trial;

2.    Immediate Promotion to the rank of Lieutenant with a retroactive date of promotion with benefits, salary, wages, raises, title, position and entitlement to the date and time that Plaintiff routinely would have and should have been promoted to same rank;

3.    Specific Performance by Defendants under the terms and conditions outlined in the 2004 Stipulation of Settlement/Contract;

4.    Injunctive Relief enjoining Defendants from discriminating against Plaintiff and other Latino, African American and/or minority police officers;

5.    Award punitive damages in an amount to be determined at trial;

6.    Disbursements, costs and attorneys' fees; and

7.    For such other further relief to this Court may seem just and proper.

**ALL CONDITIONS PRECEDENT HAVE BEEN PERFORMED
OR HAVE OCCURRED.
PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated:      Jamaica, New York
            June 13, 2013

                          Yours, etc.

                          STEPHEN L. DRUMMOND (SLD 7359)
                          Drummond & Squillace, PLLC
                          Attorneys for Plaintiff
                          SERGEANT HECTOR RODRIGUEZ
                          175-61 Hillside Avenue, Suite 205
                          Jamaica, New York 11432
                          (718) 298-5050

### ATTORNEY'S VERIFICATION

STEPHEN L. DRUMMOND, An attorney duly admitted to practice before the Courts of the State of New York and before the Eastern and Southern Districts of New York of the United States District Court, affirms the following to be true under the penalties of perjury:

1.     I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff Sergeant Hector Rodriguez. I have read the annexed **SUMMONS IN A CIVIL ACTION AND COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files and discussions with Plaintiff.

2.     This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:        Jamaica, New York
              June 13, 2013

                                          STEPHEN L. DRUMMOND

91

EXHIBIT "A"

EEOC Form 5 (11/09)

520. 2013. 00827

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | RECEIVED<br>JAN 31 2013<br>and EEOC<br>EEOC NYDO GOTH |

| New York State Division Of Human Rights | | |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Hector Rodriguez** | Cell: (845)325-4146 | 07-27-1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7 85 Mace Avenue, Apt. 2C | Bronx, New York 10467 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| New York City Police Department, New York City & et. al. | 500+ | (212) 273-6171 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Police Plaza | New York, NY 10038 |
| The City of New York<br>100 Church Street | New York, NY 10007 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☒ OTHER (Specify)  In violation of the Uniformed Services Employment & Reemployment Rights Act (USERRA) Petitioner member of the Armed Forces

DATE(S) DISCRIMINATION TOOK
Earliest          Latest

From 2006     'to date & continuing

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**See Attached.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 1/29/13    *Hector R. Rodriguez*<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

------------------------------------------------------------------------------------X

SERGEANT HECTOR RODRIGUEZ,

          Claimant,

          -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
DEPUTY INSPECTOR MATTHEW HYLAND, individually and in his official
capacity, Department Advocates' Office in Its Official Capacity and as Agent of
the Defendant, The City of New York and New York City Police Department,
DEPUTY COMMISSIONER, ATTORNEY JULIE L. SCHWARTZ of the
Department Advocate's Office, in her individual capacity, as agent of the Respondents
And as Deputy Commissioner of the Department Advocate's Office,
CAPTAIN DERRICK S. CORRADO, individually and in his official capacity,
LIEUTENANT LOUIS DE CEGLIE, individually and in his official capacity,
Department Advocates' Office in Its Official Capacity and as Agent of the
Defendant, The City of New York and New York City Police Department,
SERGEANT LARRY FLUNORY, individually and in his official capacity,
Department Advocates' Office in Its Official Capacity and as Agent of the
Defendant, The City of New York and New York City Police Department,
Department Advocates' Office in Its Official Capacity and as Agent of the
Defendant, The City of New York and New York City Police Department
ATTORNEY LISA BLAND in her Official Capacity as an Agent of The
Defendants the Department Advocates' Office, The City of New York and New
York City Police Department and "JOHN DOES"and "JANE DOES", names
being fictitious intended to be officers/representatives/agents/servants of the
New York City Police Department, individually and in their official capacity,

          Respondents.

------------------------------------------------------------------------------------X

      Claimant, Sergeant Hector Rodriguez, (hereinafter "Claimant"), in his individual capacity

states as follows:

## INTRODUCTION

    1.  This is an action against Defendants to redress a pattern and practice of wrongful and

unlawful conduct including, but not limited to: coordinated effort to secure the termination of

Claimant's employment; coordinated efforts to penalize/punish the Claimant through the

administrative channels/proceedings of the New York City Police Department; discrimination

                                 COMPLAINT

against Claimant based upon his race, color, national origin, ethnicity in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 19103, 19103(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(I), New York Executive Law Art. 15 (NY Human Rights Law); unlawful hostile work environment; unlawful retaliation; violation of New York State Human Rights Law Sections 290-297; discrimination against the Claimant based upon his national origin and hostile work environment in violation of the laws and the Constitution of the State of New York and the laws and the Constitution of the United States of America; denial of Claimant's State and Federal Constitutional Right to Equal Protection of the Law in violation of the 14th Amendment to the Constitution of the United States of America; denial of Claimant's State and Federal Constitutional Right to Due Process of the Law; deprivation of Claimant's proprietary interest in his acquired rank/title/position of Lieutenant without due process of law in violation of the State and Federal Constitutional Rights; discrimination against Claimant based upon his service in the United States Armed Forces in violation of the Uniformed Services Employment and Reemployment Rights Action of 1994 (USERRA, 38 U.S.C. Sections 4301-4335).

2.     Claimant is a male Hispanic of Puerto Rican National Origin, a Sergeant in the New York City Police Department with over seventeen (17) years of service and a Commissioned Officer in the United States Armed Forces Reserves with over fifteen (15) years of Honorable Service.

3.     The Claimant has a Bachelor's Degree in Criminal Justice from John Jay College and a Masters Degree from Columbia University, in Public Administration. He is a Commissioned Officer in the United States Naval Reserves.

4.     From 2005-2006, Claimant served a tour of active duty in Iraq and has served intermittent tours of active duty lasting continuously for thirty or more days since 2006 to present.

5.     In November of 2006, Claimant took the New York City Police Department Lieutenant examination and in late 2007 to early 2008, he learned that he had successfully passed the Lieutenant examination.  Even though the Claimant has successfully passed the New York City Police Department Lieutenant examination, Respondent's The City of New York and New York City Police Department have intentionally neglected and/or refused to promote Claimant from the date he successfully passed the New York City Police Department Lieutenant's examination to present, despite Claimant's repeated request.

That the City of New York and New York City's Police Department refusal to promote the Claimant to Lieutenant is based upon the fact that Claimant is a Hispanic Male, who originated from Puerto Rico, who was served in the United States armed forces and in retaliation for Claimants Complaint of hostile work environment.

6.     Unbeknownst to Claimant, in 2008, the City of New York and New York City Police Department initiated an investigation against the Claimant based upon allegations of steroid use.

7.     During the course of the foregoing investigation, the City of New York and New York City Police Department directed/ordered the Claimant to submit to at least two urine exams where it is believed that The City of New York and the New York City Police Department tested the Claimant for use of controlled substance including the use of anabolic steroids-- the results of which come back clear/negative, undoubtedly and unequivocally confirming that the Claimant had not, did not and was not using any controlled substance including anabolic steroids.

8.  On or about November 25, 2008, while the City of New York and the New York City Police Department were conducting their investigation of Claimant, according to the New York City Police Department, Claimant was selected for "random OCCB dole test and steroid test…" and "He [Claimant} passed both tests."

9.  In addition to the foregoing, during the course of this investigation, Sergeant Larry Flunory Tax # 895449, in his individual and official capacity acting within the scope of his employment and on behalf of the City of New York and New York City Police Department, conducted seven surveillances of Claimant's residence and two trash pick-ups of Claimant's garbage to uncover any evidence of steroids and/or growth hormones.  These surveillances did not uncover any evidence of steroids use and the trash pick-ups also did not uncover any evidence of steroid involvement and/or use.

10.  At no point during their investigation to present did the City of New York and/or New York City Police Department ever perform any chemical test on any substance that was allegedly in the Claimant's possession to determine if same was a controlled substance.

11.  At no point during the investigation to present did the City of New York and New York City Police Department ever recover any controlled substance from the Claimant.

12.  Prior to September 30, 2009, Sergeant Larry Flunory in his individual and official capacity and on behalf of the City of New York contacted the District Attorney's Office in Orange County—the County where Claimant resided at the time of the within investigation—and provided them with a detailed account of all the facts and circumstances relative to the within investigation in an effort to ascertain whether there was enough evidence to arrest, charge and convict Claimant in a criminal court based upon the allegations. The District Attorney's Office of Orange County informed Sergeant Larry Flunory, before any specifications were filed

against Claimant by the Respondents herein, that they would not initiate any prosecution against Claimant as the evidence did not support and would not sustain a criminal conviction.

13.     Ignoring the evidence that readily and convincing established that Claimant did not knowingly use and/or attempt to use any controlled substance, and not anabolic steroids in particular, Deputy Inspector Matthew Hyland, Captain Derrick S. Carrado, Lieutenant Louis De Ceglie and Sergeant Larry Flunory in their individual capacities and acting within the scope of their employment on behalf of the City of New York and on behalf of New York City Police Department, found that the allegations against Claimant, to wit:"…knowingly and unlawfully possess a controlled substance, to wit:  said Sergeant did possess and/or  ingest anabolic steroids and/or human growth hormones for purposes outside the normal course of standard medical care" were SUBSTANTIATED.

14.     Even though the undisputed evidence demonstrated beyond any reasonable doubt clearly, convincingly and conclusively that Claimant had not, did not and was not using any controlled substance including anabolic steroids, the City of New York, New York Police Department, Captain Derrick S. Corrado in his official capacity and as agent, servant, representative of the City of New York and New York City Police Department, acting in concert with Deputy Inspector Matthew Hyland, Lieutenant Louis De Ceglie and Sergeant Larry Flunory in their individual capacities and acting within the scope of their respective employment on behalf of the City of New York and on behalf of New York City Police Department, on or about September 10, 2010 submitted a correspondence/Charges and Specification to the Police Commissioner charging Claimant with violation of Department Regulations in which it is alleged that "… Sergeant Hector Rodriguez,…on or about and between January 2007 and May of 2007, did knowingly and unlawfully possess a controlled substance, to wit: said Sergeant did possess

and/or ingest anabolic steroids and/or growth hormones for purposes outside the normal course of standard medical care."

15.     In addition to the foregoing charges, on or about September of 2010 and continuing to present date and time, the City of New York and the New York City Police Department modified Claimant thereby stripping him of his assigned weapon and positions of authority.

16.     Based upon the City of New York and the New York City Police Department policies/procedures and regulations, the City of New York and New York City Police Department had eighteen months from the time of the alleged wrong and/or the time the City of New York and New York City Police Department became aware and/or had reasons to know of same wrong to initiate Departmental charges against Claimant.

17.     Based upon the City of New York and New York City Police Department's own admission, the City of New York and New York City Police Department knew and/or had reasons to know of Claimant's alleged use and/or possession of a controlled substance, to wit: anabolic steroids, on or about July 23, 2008 at on or about 1439 hours.

18.     As such, based upon the City of New York and New York Police Department's rules, procedures, policies and regulations, the City of New York and New York City Police Department had to serve Claimant with charges/specifications on or before January 22, 2010 and, as stated above, the City of New York and New York City Police Department did not serve the Claimant with charges/specifications until after September 10, 2010.

19.     In addition, after the charges/specifications were initiated on or about September of 2010, the City of New York and New York City Police Department, based upon the City of New York and New York Police Department's rules, procedures, policies and regulations, had to

commence Departmental Trial proceedings against Claimant within eighteen months of the serving of the charges/specifications.

20.     The City of New York and the New York City Police Department did not commence Department trial proceedings against Claimant until some two and a half (2 ½ ) years after serving Claimant with the charges/specifications.

21.     From the inception of the investigation and/or within a short period of time subsequent to the commencement of the investigation against Claimant, Attorney Lisa Bland was the assigned lawyer on behalf of the City of New York, the New York City Police Department and the New York City Police Department Advocate's Office.

22.     As assigned attorney, and acting within the scope of her duties and responsibility, Respondent Lisa Bland was in frequent and constant verbal and written communication with Respondent Sergeant Larry Flunory.

23.     As the assigned attorney and acting within the scope of her duties and responsibility, it is believed that Respondent Lisa Bland directed and/or discussed avenues and/or areas of investigation that Respondent Sergeant Larry Flunory should consider investigating and it is believed that Respondent Sergeant Larry Flunory did conduct areas of investigation based upon attorney Lisa Bland's direction.

24.     That based upon the evidence, her educational background, her professional training as an attorney and based upon her thorough and intimate review and knowledge of the case file against Claimant and her knowledge as to the investigation, Repondent Lisa Bland knew and/or had reasons to know that the evidence did not support a finding "...knowingly and unlawfully possess a controlled substance, to wit: said sergeant did possess[ed] and/or ingest

anabolic steroids and/or growth hormones for purposes outside the normal course of standard medical care."

     25.    That for more than two years, attorney Lisa Bland continued to prosecute Claimant on specifications that Claimant "...knowingly and unlawfully possess a controlled substance, to wit: said sergeant did possess and/or ingest anabolic steroids and/or growth hormones for purposes outside the normal course of standard medical care.", even though Respondent Lisa Bland knew and/or had reasons to know that the credible evidence could not and would not support such a finding in criminal court and/or in the City of New York and the New York City Police Department Administrative Proceedings.

     26.    That realizing that the credible evidence could not and would not support such a finding in criminal court and/or in the New York City and the New York City Police Department Administrative Proceedings, that Claimant "...knowingly and unlawfully possess a controlled substance, to wit: said sergeant did possess[ed] and/or ingest anabolic steroids and/or growth hormones for purposes outside the normal course of standard medical care.", on or about March 21, 2012, Respondent Lisa Bland amended the Specifications against Claimant to Attempted Criminal Possession of a Controlled Substance.

     26.    That Respondents the City of New York and the New York City Police department, its agents, servants and/or Employees, are seeking the termination of Claimant's employment as a New York City Police Officer.    That the Respondents desire to terminate the employment of the Petitioner is unlawfully based upon the fact that the Petitioner is a Hispanic male, from Puerto Rico and has served in the Armed Forces of the United States of American and in retaliation to the Petitioner's continuous to date and repeated complaints of race

discrimination by the Respondents and in retaliation to the Petitioner's repeated and continuous to date complaints of hostile work environment.

27.     That the Petitioner had to appear in Departmental Hearing on April 3, 2012, June 14, 2012, August 8, 2012, November 27, 2012, December 18, 2012, January 14, 2013, January 29, 2013 and is expected to in the future where the Respondents are seeking the termination of the Petitioner based upon pretextual allegations of Attempted Criminal Possession of a Controlled Substance. That the repeated and ongoing act of compelling the Petitioner to appear at Departmental Hearings on the foregoing dates and continuing is as a result of the unlawful conduct on both Deputy Commissioner Attorney Julie L. Schwartz, in her individually capacity, as agent of the Respondents and in her capacity as Deputy Commissioner of the Department Advocate's Office and Attorney Lisa Bland in her individually capacity, as gent of the Respondents and in her capacity as the lead attorney in the unlawful prosecution of the Petitioner on behalf of the Department Advocate's Office.

28.     That the true basis why the Respondents are seeking the termination of the Petitioner is based upon the fact that the Petitioner is a Hispanic male, from Puerto Rico and has served in the Armed Forces of the United States of American and in retaliation to the Petitioner's continuous to date and repeated complaints of race discrimination by the Respondents and in retaliation to the Petitioner's repeated and continuous to date complaints of hostile work environment.

29.     That based upon information and belief, a number of Police Officers from the City of New York and New York City Police Department of different race, color, ethnicity, national origin, and who are not members of the armed forces called to active duty, who were charged with and actually admitted to knowingly and unlawfully possessing a controlled

substance, to wit: anabolic steroids and/or growth hormones for purposes outside the normal course of standard medical care, were not punished in the same fashion as Claimant herein and/or terminated from their employment as Respondents the City of the New York and New York City Police Department is seeking to do to Claimant herein.

30.    That Petitioner complained and continues to complain to the the City of New York and New York City Police Department as to repeated acts of discrimination that Claimant has been subjected to in the course of his service/employment as a New York City Police Officer and relative to the within investigation including the complaints about the repeated court appearances where the Respondents are seeking the termination of the Petitioner based upon the fact that the Petitioner is a Hispanic male, from Puerto Rico and has served in the Armed Forces of the United States of American and in retaliation to the Petitioner's continuous to date and repeated complaints of race discrimination by the Respondents and in retaliation to the Petitioner's repeated and continuous to date complaints of hostile work environment.

31.    That the Respondents City of New York and New York City Police Department retaliated against Claimant because he complained as to the repeated acts of discrimination that the Claimant has been subjected to in the course of his service/employment as a New York City Police Officer and also relative to the within investigation.

32.    That the unlawful discriminatory conduct complained of herein by Respondents the City of New York City, the New York City Police Department, Claimant DEPUTY INSPECTOR MATTHEW HYLAND, individually and in his official capacity, Department Advocates' Office in Its official capacity and as agent of the City of New York and New York City Police Department, ATTORNEY JULIE L. SCHWARTZ, individually and in her official capacity as an agent of the Respondents, New York City and New York City Police Department

and as in her Official Capacity as Deputy Commissioner, Department Advocate's Office, CAPTAIN DERRICK S. CORRADO, individually and in his official capacity, LIEUTENANT LOUIS DE CEGLIE, individually and in his official capacity, ATTORNEY LISA BLAND, individually and in her official capacity as an agent of the Department Advocates' Office, The City of New York and New York City Police Department, and "JOHN DOES"and "JANE DOES", names being fictitious intended to be officers/representatives/agents/servants of the New York City Police Department, individually and in their official capacity, against Claimant is based upon Claimant's race, color, ethnicity, national origin and based upon the fact that Claimant is a member of the United States Armed Forces who was has been called to active duty for a period of thirty or more continuous days.

33.     That other New York City Police Officers of different race, color, ethnicity, national origin and who are not members of the armed forces called to active duty for thirty continuous days under similar facts and circumstances as that of Claimant, are treated differently, to wit:  they receive better, more favorable and more reasonable treatment than Claimant.

34.     That all of the acts, conduct of the Respondents are ongoing and continuous from the initial date complained of herein to the date of the within complaint and it is anticipated that same conduct will continue in the future as of the date of the within complaint the Petitioner is still on modified duty, is still stripped of his weapon, is still not promoted to Lieutenant, is still in the United States Armed Forces and has future departmental court dates slated for February 22, and 26, 2013, respectively where the Respondents are still seeking the termination from employment of the Petitioner.

35.     That all of the conduct complained of herein by the Petitioner is based upon the fact that the Respondent is a male Hispanic from Puerto Rico, who is serving in the United States Armed Forces and based upon the fact that the Respondent complained to the Respondents about racial discrimination, discrimination based upon his military affiliation and the hostile work environment.

36.     That it is the custom and practice of the Respondent to engage in the unlawful acts complained of herein by the Respondents.

37.     As a condition precedent to filing the within complaint the Federal Equal Employment Opportunity Commission, the Petitioner is obligated to file an internal complaint with the New York City and New York City Police Department Office of Equal Employment Opportunity (OEEO) Office.

38.     On or about December 5, 2012, Petitioner complied with the foregoing obligation and file with within complaint with the New York City and New York City Police Department Office of Equal Employment Opportunity (OEEO) Office.

39.     To date, the Petitioner has not received any indication as to the Status of the New York City and New York City Police Department Office of Equal Employment Opportunity (OEEO) Office and the Petitioner is afraid that the New York City and the New York City Police Department Office of the Equal Employment Opportunity delayed response to the within investigation may adversely affect the Petitioner's timeliness of asserting a federal discriminatory claim against the Respondents.

40.     In fact, on or about December 6, 2012, immediately after the Petitioner filed the within complaint with the Respondent, New York City and New York City Police Department Office of Equal Employment Opportunity, the Respondents continued their course of harassing

and retaliating against the Petitioner by forcing/compelling the Petitioner to submit to yet another drug test. It is believed that the only reason the Respondent compelled the Petitioner to submit to yet another drug test was to intimidate, harass, alarm, retaliate against the Petitioner as Petitioner had file a complaint against the Respondents alleging discrimination based upon his race, color, national origin, military service/affiliation, harassment and retaliation.

41.    That from on or about 2006 and every year, including up to on or about December 2012, the Respondents, their agents, servants and employees make derogatory remarks indicating in sum and substance that the Petitioner was "scamming again" because the Petitioner was called to active service in the Armed Forces.    In Fact, CAPTAIN DERRICK S. CORRADO, individually and in his official capacity on a number of occasions indicated to the Petitioner that the Petitioner was "scamming again" when the Petitioner presented his military orders and/or official documents for Captain Carrado's signature for the Petitioner to lawfully honor and assume his military duty.

## PRAYER FOR RELIEF

42.    That Claimant is requesting that the City of New York and New York City Police Department institute training, monitoring and assessment procedures/programs/policies that will ensure that discriminatory practices within the New York City Police Department is eradicated so that another officer will not have to suffer the same unlawful discriminatory practices that have been visited upon and continues to be visited upon Claimant.

43.    That Claimant is requesting immediate and instant promotion to the rank of Lieutenant and for compensation of all back pay and privileges from the earliest date that Claimant was eligible for promotion to the rank of Lieutenant to present.

44.     That all Departmental Charges against the Claimant be immediately dismissed, and/or alternatively that the New York City Police Department OEEO Office commence immediate and expeditious investigation of Claimant's within complaint.

45.     That the unlawful and discriminatory conduct of the parties herein named immediately cease and desist.

Respectfully submitted,

HECTOR RODRIGUEZ
Sergeant, New York City Police Department



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Austin F. Turner
Investigator
Phone (212) 336-3750
Fax (212) 336-3624

VIA U.S. MAIL
Mr. Hector Rodriguez
7 85 Mace Avenue
Bronx, NY 10467

      Re:    Rodriguez v. NYPD
               EEOC No.: 520-2013-00827

Dear Mr. Rodriguez:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your race, color, national origin, and participation in a protected activity.

After an evaluation of the evidence presented, the Commission has determined that there is not enough information to conclude that further investigation would likely result in a violation of federal law. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Austin Turner at (212) 336-3750 if you have any questions.

Sincerely,

_____ for

Kevin Berry
District Director

3/22/13
Date

EEOC Form 151 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Hector Rodriguez<br>785 Mace Avenue<br>Apt. 2-C<br>Bronx, NY 10467 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2013-00827 | Austin F. Turner,<br>Investigator | (212) 336-3750 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_Ken J. Berry_                    3/22/13

| Enclosures(s) | Kevin J. Berry,<br>District Director | (Date Mailed) |
|---|---|---|

cc:  Thomas Doepfner
Assistant Deputy Commissioner
NYC POLICE DEPARTMENT
One Police Plaza, Room 1407
New York, NY 10038

EXHIBIT "B"

NOTICE OF CLAIM
--------------------------------------------------------------------------------X

In the Matter of the Claim of

SERGEANT HECTOR RODRIGUEZ,

Claimant,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, SERGEANT LARRY
FLUNORY, individually and in his official capacity and as Agent of the Defendant, The City of New
York and New York City Police Department, DEPUTY INSPECTOR MATTHEW HYLAND,
individually and in his official capacity, and as Agent of the Defendant, The City of New York and
New York City Police Department, LIEUTENANT LOUIS DE CEGLIE, individually and in his
official, capacity and as Agent of the Defendant, The City of New York and New York City Police
Department, LIEUTENANT PATRICK J. HICKEY, individually and in his official capacity as
Agent of the Defendant, The City of New York and New York City Police Department, CAPTAIN
DERRICK S. CORRADO, individually and in his official capacity as Agent of the Defendant, The
City of New York and New York City Police Department; ATTORNEY LISA BLAND individually
and in her Official Capacity as an Agent of The Defendants the Department Advocates' Office, The
City of New York and New York City Police Department; DEPUTY COMMISSIONER,
ATTORNEY JULIE L. SCHWARTZ of the Department Advocate's Office, individually and in her
official capacity and as agent of The City of New York and New York City Police Department;
Department Advocates' Office in Its Official Capacity as Agent of the Defendant, The City of New
York and New York City Police Department and "JOHN DOES"and "JANE DOES", names being
fictitious intended to be officers/representatives/agents/servants of The City of New York and The
New York City Police Department, individually and in their official capacity,

Respondents, .

--------------------------------------------------------------------------------X

TO:
The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

Michael A. Cardozo, Esq.
Corporation Counsel
The City of New York
100 Church Street
New York, New York 10007

New York City Police Department
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department
C/O Corporation Counsel
100 Church Street

New York, New York 10007
Deputy Commissioner Julie L. Schwartz, and
Attorney Lisa Bland individually and in their
Official Capacity as and as agent of The City
of New York and New York City Police Department
C/O Corporation Counsel
100 Church Street
New York, New York 10007

PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demands against you as follows:

1. Name and post office address of Claimant and claimant's attorneys is:

Claimant:
Sergeant Hector Rodriguez
C/O Drummond & Squillace, PC
Attorneys for Claimants
175-61 Hillside Avenue, Suite 205
Queens, New York 11432

Attorney:
DRUMMOND & SQUILLACE,PLLC
Attorneys for Claimant
175-61 Hillside Avenue, Suite 205
Queens, New York 11432

2. Nature of Claim:

The claimant is claiming multiple causes of action including, but not limited to, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INVASION OF PRIVACY, UNLAWFUL RACIAL DISCRIMINATION, BREACH OF CONTRACT, UNLAWFUL HOSTILE WORK ENVIRONMENT, UNLAWFUL RETALIATION AND UNLAWFUL DISPARATE TREATMENT, and OFFICEIAL MISCONDUCT AND ABUSE OF AUTHORITY, *respondeat superior*, violation of civil rights, harassment, deviation and/or gross deviation from proper procedures, malice, recklessness, carelessness, gross negligence, and official misconduct by THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, its servants, agents employees against the claimant based upon claimant's race, national origin, service in the United State Military Reserves and in retaliation because claimant registered a number of complaints with the Defendant, The New York City and New York City Police Department—chain of command relative to hostile work environment by reason of the intentional and malicious acts/conduct, negligence, recklessness and carelessness of the aforementioned Respondents, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and departments.

3. The time when, the place where and the manner in which the claim arose:

From on or about 2006 continuously to Present the Respondents unlawfully subjected the Claimant to racial slurs, racial comments, false accusations of criminal activity, malicious investigation, malicious prosecution based upon false charges thereby preventing claimant from obtaining the promotion and title to the rank of Lieutenant in the New York City Police Department for which he is qualified and for which he earned; thereby causing claimant to suffer economic loss and further subjecting claimant to unlawful disparate treatment in that Caucasian/non-Hispanic/Latinos officers were not treated, investigated and/or prosecuted in the same unlawful manner as the Claimant. The acts and continuing acts of the Plaintiff caused and continue to cause Plaintiff to suffer pain and emotional distress. Based upon false allegations that the Respondent knew and had reasons to know were false, that Claimant possessed and/or used anabolic steroids, the Respondent embarked on an aggressive and unlawful investigation of the Claimant with the specific intent of attaining a desired outcome despite the credible evidence that was in Respondent's possession and knowledge that the investigation, charges and prosecution of the claimant was unwarranted, unlawful and unsubstantiated and could not be substantiated. That the Respondents deliberately and intentionally maliciously denied the Claimant is lawful entitled rights under New York Civil Service Law Section 75 by serving and prosecuting the claimant with and on Charges and Specifications more than eighteen months beyond the alleged occurrence of the alleged misconduct and by deliberately and intentionally deviating and unlawfully seeking to circumvent the requirements of the aforementioned civil service law in a deliberate and conscious effort to maliciously and unlawfully prosecute the Claimant.

As a result of the Respondents' foregoing conduct, Claimant suffered and continues to suffer loss of income, loss of entitlement, loss of title/rant/position, loss of benefits and/or is otherwise economically damaged as well as mental anguish and emotional distress.

The aforementioned Respondents were further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically— SERGEANT LARRY FLUNORY, DEPUTY INSPECTOR MATTHEW HYLAND, LIEUTENANT LOUIS DE CEGLIE, LIEUTENANT PATRICK J. HICKEY CAPTAIN DERRICK S. CORRADO, ATTORNEY LISA BLAND; DEPUTY COMMISSIONER, ATTORNEY JULIE L. SCHWARTZ of the Department Advocate's Office, and "JOHN DOES" and "JANE DOES", names being fictitious intended to be officers/representatives/agents/servants of The City of New York and The New York City Police Department, individually and in their official capacity, and as a result of the foregoing Claimant suffered and continues to suffer loss of income, loss of entitlement, loss of title/rant/position, loss of benefits and/or is otherwise economically damaged as well as mental anguish and emotional distress.

4.    BREACH OF CONTRACT:

Based upon information and belief, in 1999, a Federal lawsuit was commenced by Twenty-Two individuals and New York City Police Department Latino Officers' Association alleging discriminatory and disparage application of the New York City Police Department disciplinary, rules, procedure and punishment of Latino, Afro-American and other minority officers by Defendant, New York City and New York City Police Department. Based upon information and belief, the Honorable Judge Lewis A. Kaplan of the United States District Court for the Southern District of New York certain the foregoing lawsuit as a class action which included all African-American and Hispanic Police Officers and certain civilian employees of the New York City Police Department from 1995 forward. Based upon information and belief, that lawsuit alleged that blacks and Latino Officers were less likely to be acquitted and have their charges dismissed than whites at Departmental Hearings.    Based upon information and belief, that lawsuit alleged that Afro-Americans were Sixty (60) percent more likely and Hispanics were Thirty (30) percent more likely to be found guilty at Departmental trial than whites.

Based upon information and belief, that lawsuit alleged that in terms of overall dispositions, charges against whites were more often dismissed, or resulted in findings of not guilty, while Afro-Americans and Latinos were far more often found guilty. Based upon information and belief, that lawsuit further alleged that when findings of guilt were handed down, Afro-Americans and Hispanics were terminated from the police force with greater frequency that white officers, who received less penalties/punishment. Based upon information and belief, the Respondent, the City of New York and New York City Police Department settled the foregoing lawsuit with the Plaintiffs of that lawsuit in which, the Respondent, The City New York, New York City Police Department provided a monetary award to the Plaintiffs of that lawsuit and members of the class and more significantly, The City of New York and New York City Police Department agreed to an injunctive relief that the Defendant, the City of New York and New York City Police Department would be enjoined from discriminating based upon race, color, national origin, or ethnicity in the future.

Based upon information and belief, pursuant to the settlement of that class action lawsuit, Defendant the City of New York and New York City Police Department, was obligated to establish a review unit to analyze the New York City Police Department's disciplinary process regarding discrimination and retaliation and whether African American and Latino/Hispanic members of the Police Department are being investigated, charged or penalized in a discriminatory manner. Based upon information and belief, the settlement agreement contained specific steps that the City of New York and New York City Police Department would take to establish procedures to prevent discrimination. The Respondent and other Afro-Americans and Latino/Hispanic Officers, similarly situated as this Respondent, are members of the Class that the settlement agreement/stipulation was designed to

New York, New York 10007

Attorney Lisa Bland, individually and in her
Official Capacity as and as agent of The City
of New York and New York City Police Department
Headquarters, New York City Police Department
Department Advocate's Office
One Police Plaza,
New York, New York 10038

Deputy Commissioner Julie L. Schwartz, individually and in her
Official Capacity as and as agent of The City
of New York and New York City Police Department
Headquarters, New York City Police Department
Department Advocate's Office
One Police Plaza,
New York, New York 10038

New York City Police Deputy Inspector Matthew Hyland,
Captain Derrick S. Corrado, Lieutenant Louis De Ceglie,
Lieutenant Patrick J. Hickey and Sergeant Larry Flunory
all of Group 41#08-119
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Deputy Inspector Matthew Hyland,
Captain Derrick S. Corrado, Lieutenant Louis De Ceglie,
Lieutenant Patrick J. Hickey and Sergeant Larry Flunory
all of Group 41#08-119
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Deputy Inspector Matthew Hyland,
Captain Derrick S. Corrado, Lieutenant Louis De Ceglie,
Lieutenant Patrick J. Hickey and Sergeant Larry Flunory
all of Group 41#08-119
C/O New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department 113TH Precinct
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

Deputy Commissioner Julie L. Schwartz and Attorney
Lisa Bland, individually and in their
Official Capacity as and as agent of The City
of New York and New York City Police Department
Headquarters, New York City Police Department
C/O The Comptroller of the City of New York
One Centre Street, Room 1225

## VERIFICATION

STATE OF NEW YORK: COUNTY OF QUEENS: ss.:

HECTOR RODRIGUEZ, being duly sworn, deposes and says that deponent is the above named claimant; deponent has read the foregoing NOTICE OF CLAIM and know its contents; the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

HECTOR RODRIGUEZ

Sworn to before me this
10ᵀᴴ day of May 2013

Notary Public

JOANN SQUILLACE
Notary Public, Qualified In New York County
State of New York
Reg # 02SQ6083673
Commission Expires 06/27/20

protect. Respondent is a Latino/Hispanic Officer and, as such, is a member of that class that the foregoing lawsuit and settlement agreement was intended to futuristically protect and as such, Respondent has standing to seek to have a court compel the City of New York and New York Police Department to establish a review unit to analyze the New York City Police Department's disciplinary process regarding discrimination and retaliation and whether African American and Latino/Hispanic members of the Police Department are being investigated, charged or penalized in a discriminatory manner and to comply with the settlement agreement's specific steps that the City of New York and New York City Police Department should have undertaken to establish procedures to prevent discrimination.

Based upon information and belief, the Respondent, the City of New York and New York City Police Department did not establish a review unit to analyze the New York City Police Department's disciplinary process regarding discrimination and retaliation and whether African American and Latino/Hispanic members of the Police Department are being investigated, charged or penalized in a discriminatory manner as outlined in the stipulation of settlement of the class action lawsuit and assuming that same Defendants attempted to, their efforts fell short of the terms and conditions outlined in same stipulation and this Plaintiff and other Latinos and Afro-American Plaintiffs and Officers similarly situated, have been adversely affected by Defendants failure to implement the terms and conditions of the settlement agreement.   Based upon information and belief, the Respondent the City of New York and New York City Police Department did not establish specific steps that the City of New York and New York City Police Department would take to establish procedures to prevent discrimination and assuming that same Respondents attempted to, their efforts fell short of the terms and conditions outlined in same stipulation and this Claimant and other Latinos and Afro-American Plaintiffs and/or Officers similarly situated, have been adversely affected by Respondents' failure to implement the terms and conditions of the settlement agreement.

As a direct and proximate result of the Respondents conduct from all of the above/foregoing, Claimant claim damages herein including, but not limited to loss of income, loss of entitlement, loss of title/rant/position, loss of benefits and/or is otherwise economically damaged as well as mental anguish and emotional distress emotional distress (both intentional and negligent), deprivation of liberty and other civil rights. Punitive damages are being claimed as well as attorneys' and fees and costs. As a direct and proximate result thereform, Claimant have been damaged in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS.

The undersigned Claimants therefore present this claim for adjustment and payment. You are hereby notified that unless said claim is adjusted and paid within the time provided by law from the date of presentation to you, the Claimants intend to commence an action on this claim.

Dated: Queens Village, New York
       May 10, 2013

                                        Yours, etc.

                                        STEPHEN L. DRUMMOND
                                        DRUMMOND & SQUILLACE, PLLC
                                        Attorneys for Claimants
                                        HECTOR RODRIGUEZ
                                        175-61 Hillside Avenue, Suite 205
                                        Queens, New York, 11432
                                        (718) 298-5050

NOTICE OF CLAIM

-------------------------------------------------------------------------------------------------------X

In the Matter of the Claim of

SERGEANT HECTOR RODRIGUEZ,

Claimant,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, SERGEANT LARRY FLUNORY, individually and in his official capacity and as Agent of the Defendant, The City of New York and New York City Police Department, DEPUTY INSPECTOR MATTHEW HYLAND, individually and in his official capacity, and as Agent of the Defendant, The City of New York and New York City Police Department, LIEUTENANT LOUIS DE CEGLIE, individually and in his official, capacity and as Agent of the Defendant, The City of New York and New York City Police Department, LIEUTENANT PATRICK J. HICKEY, individually and in his official capacity as Agent of the Defendant, The City of New York and New York City Police Department, CAPTAIN DERRICK S. CORRADO, individually and in his official capacity as Agent of the Defendant, The City of New York and New York City Police Department; ATTORNEY LISA BLAND individually and in her Official Capacity as an Agent of The Defendants the Department Advocates' Office, The City of New York and New York City Police Department; DEPUTY COMMISSIONER, ATTORNEY JULIE L. SCHWARTZ of the Department Advocate's Office, individually and in her official capacity and as agent of The City of New York and New York City Police Department; Department Advocates' Office in Its Official Capacity as Agent of the Defendant, The City of New York and New York City Police Department and "JOHN DOES" and "JANE DOES", names being fictitious intended to be officers/representatives/agents/servants of The City of New York and The New York City Police Department, individually and in their official capacity,

Respondents, .

-------------------------------------------------------------------------------------------------------X

**DRUMMOND & SQUILLACE, PLLC**
**Attorneys for Claimant**
**Hector Rodriguez**
**175-61 Hillside Avenue, Suite 205**
**Queens, New York 11432**
**(718) 776-0001**